FILED
6/30/2025 1:00 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L008266
Calendar, R
33363217

FILED DATE: 6/30/2025 1:00 PM 2025L008266

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| CARLA YATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2025L008266 |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, JESSE M. GANTT, and ROGER LIJEWSKI, | ) ) ) ) |
| Defendant. | ) |

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

### COMPLAINT

NOW COMES the Plaintiff, CARLA YATES, by and through her attorneys, KARCHMAR & LAMBERT, P.C., and complaining of the Defendants, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, Jesse M. GANTT and ROGEER LIJEWSKI, alleges as follows:

### PARTIES

1. Plaintiff, CARLA YATES, is and at all relevant times, was a resident of County of Cook Illinois.

2. Defendant, NAIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter referred to as "Amtrak"), is and at all relevant times, was a corporation doing business in the State of Illinois and County of Cook with its principal business purpose being to transport passengers from city to city.

1

**EXHIBIT A**

3. On information and belief and at all relevant times, Defendant, JESSE M. GANTT is, and at all relevant times, was the agent and/or employee of Defendant, Amtrak, who was his principal and/or employer.

4. On information and belief and at all relevant times, Defendant, ROGER LIJEWSKI, was the owner of a Kenworth Construction tow truck, vin # 2NKHHM6X1HM133547.

## FACTS

5. That on or about November 16, 2023, and at all relevant times, the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, owned, managed, maintained and controlled a train that it allowed its agent and/or employee, JESSE M. GANTT, operate upon Amtrak rail Westbound at or near approximately 20.0 feet East of Lakeside Rd. in Three Oaks township, Berrien County, Michigan.

6. That on or about November 16, 2023, and at all relevant times, the Defendant, JESSE M. GANTT, operated, managed, maintained and controlled Amtrak's aforementioned train Westbound at or near approximately 20.0 feet East of Lakeside Rd. in Three Oaks township, Berrien County, Michigan.

7. That on or about November 16, 2023, and at all relevant times, Defendant, ROGER LIJEWSKI, owned, operated, managed, maintained and controlled a vehicle, and in which he was driving westbound at or near, the intersection of Amtrak Rail Track and Lakseside Road, in the Township of Three Oaks, County of Berrien and State of Michigan.

2

8. That on said date and time and at all relevant times, Defendant, RODGER LIJEWSKI, while towing an inoperable vehicle, drove onto the railroad tracks at or near approximately 20.0 feet East of Lakeside Rd., Berrien County, Michigan at the same time that Defendant, JESSE M. GANTT, arrived to the same location and collision between the two ensued.

9. Plaintiff, CARLA YATES, was injured and suffered damages and losses as a direct and proximate cause of the conduct of each Defendant in this cause of action.

10. At all relevant times, Plaintiff, CARLA YATES, was exercising ordinary care for her own safety and the safety of others.

## COUNT I
## YATES vs. AMTRAK

11. At all relevant times, it was the duty of the Defendant, AMTRAK, to refrain from careless and negligent conduct against others, including Plaintiff, CARLA YATES.

12. The aforementioned duty included, but was not limited to Defendant, AMTRAK's, duty to exercise reasonable care in the, ownership, operation, maintenance, control, and driving of the vehicle its agent/employee operated and which was involved in this collision.

13. At all relevant times, it was the duty of the Defendant, AMTRAK, to ensure that its agents/employees followed its training policies and procedures in a manner that was free from negligence.

14. Notwithstanding said duties, Defendant, AMTRAK, committed one or more of the following careless and/or negligent acts and/or omissions thereby breaching its duties in one or more of the following respects:

   a. Carelessly and negligently allowed its agent/employee to operate said vehicle at a speed which was greater than reasonable and proper;

FILED DATE: 6/30/2025 1:00 PM 2025L008266

b. Carelessly and negligently allowed its agent/employee to negligently operate, maintain, and/or control the vehicle its vehicle which was involved in this incident;

c. Carelessly and negligently allowed its agent/employee to operate the vehicle that was involved in this incident at an unsafe speed;

d. Carelessly and negligently failed to adequately train, teach and/or prepare its agent/employee in a manner resulting in the aforementioned collision;

e. Carelessly and negligently allowed its agent/employee to fail to keep a proper lookout to avoid a collision;

f. Carelessly and negligently allowed its agent/employee to fail in deploying breaks in a manner necessary to avoid a collision;

g. Carelessly and negligently allowed its agent/employee to forego reducing speed, so as to avoid a collision;

h. Carelessly and negligently allowed its agent/employee to fail in giving any warning via horn, other audible signal or otherwise when danger was imminent;

i. Carelessly and negligently allowed its agent/employee to failed in keeping its vehicle under proper control;

j. Carelessly and negligently allowed its agent/employee to operate failed in obeying traffic signals and/or signs;

15. As a direct and proximate result of the careless and negligent conduct of the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, Plaintiff, CARLA YATES, then and there sustained severe and permanent injuries, experienced pain and suffering, loss of a normal life, temporary and /or permanent disability, was compelled and will be compelled to expend and become legally liable for large sums of money for medical services, nursing care and attention, will be hindered and prevented from attending to her usual affairs and duties and has lost and will in the future lose large sums of money which would otherwise have accrued to her via employment.

WHEREFORE, Plaintiff, CARLA YATES, prays for judgment against the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount in excess of this Court's Jurisdictional limit, plus costs.

## COUNT II
## YATES vs. GANTT

16. At all relevant times, it was the duty of the Defendant, JESSE M. GANTT, to refrain from careless and negligent conduct against others, including Plaintiff, CARLA YATES.

17. The aforementioned duty included, but was not limited to Defendant, JESSE M. GANTT's, duty to exercise reasonable care in the operation, maintenance, control, and driving of the vehicle its principle/employer owned and which was involved in this collision.

18. At all relevant times, it was the duty of the Defendant, JESSE M. GANTT, to follow all training policies and procedures in a manner that was free from negligence.

19. Notwithstanding said duties, Defendant, JESSE M. GANTT, committed one or more of the following careless and/or negligent acts and/or omissions thereby breaching his duties in one or more of the following respects:

   a. Carelessly and negligently operated said vehicle at a speed which was greater than reasonable and proper;

   b. Carelessly and negligently operated, maintained, and/or controlled the vehicle which was involved in this incident;

   c. Carelessly and negligently operated the vehicle that was involved in this incident at an unsafe speed;

   d. Carelessly and negligently failed to adequately follow and adhere to his training, teaching and/or preparation in a manner resulting in the aforementioned collision;

   e. Carelessly and negligently failed to keep a proper lookout to avoid a collision;

   f. Carelessly and negligently failed to deploy breaks in a manner necessary to avoid a collision;

5

g.  Carelessly and negligently failed to reducing speed, so as to avoid a collision;

h.  Carelessly and negligently failed to give any warning via horn, other audible signal or otherwise when danger was imminent;

i.  Carelessly and negligently failed to keep the vehicle under proper control;

j.  Carelessly and negligently failed to yield the right of way;

k.  Carelessly and negligently failed to obey traffic signals and/or signs;

20. As a direct and proximate result of the careless and negligent conduct of Defendant, JESSE M. GANTT, Plaintiff, CARLA YATES, then and there sustained severe and permanent injuries, experienced pain and suffering, loss of a normal life, temporary and /or permanent disability, was compelled and will be compelled to expend and become legally liable for large sums of money for medical services, nursing care and attention, will be hindered and prevented from attending to her usual affairs and duties and has lost and will in the future lose large sums of money which would otherwise have accrued to her via employment.

WHEREFORE, Plaintiff, CARLA YATES, prays for judgment against the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount in excess of this Court's Jurisdictional limit, plus costs.

### COUNT III
### YATES vs. LIJEWSKI

21. At all relevant times, it was the duty of the Defendant, ROGER LIJEWSKI, to refrain from careless and negligent conduct against others, including Plaintiff, CARLA YATES.

22. The aforementioned duty included, but was not limited to Defendant, ROGER LIJEWSKI's, duty to exercise reasonable care in the operation, maintenance, control, and driving of the vehicle its principle/employer owned and which was involved in this collision.

6

23. At all relevant times, it was the duty of the Defendant, ROGER LIJEWSKI, to follow all training policies and procedures in a manner that was free from negligence.

24. Notwithstanding said duties, Defendant, ROGER LIJEWSKI, committed one or more of the following careless and/or negligent acts and/or omissions thereby breaching his duties in one or more of the following respects:

   a. Carelessly and negligently operated said vehicle at a speed which was greater than reasonable and proper;

   b. Carelessly and negligently operated, maintained, and/or controlled the vehicle which was involved in this incident;

   c. Carelessly and negligently operated the vehicle that was involved in this incident at an unsafe speed;

   d. Carelessly and negligently failed to adequately follow and adhere to his training, teaching and/or preparation in a manner resulting in the aforementioned collision;

   e. Carelessly and negligently failed to keep a proper lookout to avoid a collision;

   f. Carelessly and negligently failed to deploy breaks in a manner necessary to avoid a collision;

   g. Carelessly and negligently failed to reducing speed, so as to avoid a collision;

   h. Carelessly and negligently failed to give any warning via horn, other audible signal or otherwise when danger was imminent;

   i. Carelessly and negligently failed to keep the vehicle under proper control;

   j. Carelessly and negligently failed to obey traffic signals and/or signs;

   k. Carelessly and negligently drove onto railroad tracks without the ability to clear said tracks;

   l. Carelessly and negligently drove onto railroad tracks with ensuring that said tracks could be cleared;

7

m. Carelessly and negligently failed to yield the right of way;

n. Carelessly and negligently failed to clear railroad tracks that he drove upon.

25. As a direct and proximate result of the careless and negligent conduct of Defendant, ROGER LIJEWSKI, Plaintiff, CARLA YATES, then and there sustained severe and permanent injuries, experienced pain and suffering, loss of a normal life, temporary and /or permanent disability, was compelled and will be compelled to expend and become legally liable for large sums of money for medical services, nursing care and attention, will be hindered and prevented from attending to her usual affairs and duties and has lost and will in the future lose large sums of money which would otherwise have accrued to her via employment.

WHEREFORE, Plaintiff, CARLA YATES, prays for judgment against the Defendant, ROGER LIJEWSKI, in an amount in excess of this Court's Jurisdictional limit, plus costs.

Respectfully submitted:

Cannon D. Lambert, Sr.

Karchmar & Lambert, P.C.
211 W. Wacker Dr., Suite 1400
Chicago, IL 60606
Phone: (312) 977-1300
Fax: (312) 977-1999
Email: cannon@karchmarlambert.com
Cook County Firm # 39922

8

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT – FIRST DISTRICT

| | |
|---|---|
| CARLA YATES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION d/b/a AMTRAK, ) | |
| JESSE M. GANTT, and ROGER LIJEWSKI, ) | |
| ) | |
| Defendant. ) | |

**AFFIDAVIT PURSUANT TO 222(b)**

That I, Cannon D. Lambert, Sr. do hereby attest under oath to the following:

1) That I am the attorney for the Plaintiff, CARLA YATES.

2) That the money damages sought in this matter for each Plaintiff does exceed $50,000.00 (FIFTY THOUSAND DOLLARS).

I, Cannon D. Lambert, an attorney, under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certifies that the statements set forth in this instrument are true and correct, except as to matters therein state to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Cannon D. Lambert, Sr.

Karchmar & Lambert, P.C.
211 W. Wacker Dr., Suite 1400
Chicago, IL 60606
Phone: (312) 977-1300
Fax: (312) 977-1999
Email: cannon@karchmarlambert.com
Cook County Firm # 39922

9